IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAZEN AND NINA SHAHIN,                    :
                                          :      C.A. No. K18C-10-023 WLW
                Plaintiffs,               :
                                          :
                                          :
        v.                                :
                                          :
                                          :
CITY OF DOVER and CHERYL A.               :
BUNDEK, City of Dover Tax                 :
Assessor,                                 :
                                          :
                                          :
                Defendants.               :


Submitted: January 3, 2019
Decided: January 9, 2019

**ORDER**

Upon Plaintiffs' Motion for Reargument.
*Denied.*


Mazen and Nina Shahin, *pro se* Plaintiffs.

William W. Pepper, Sr., Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorneys for Defendants.


WITHAM, R.J.

1. This Court has before it Plaintiffs Dr. Mazen Shahin and Nina Shahin's ("Plaintiffs") Motion for Reargument pursuant to Delaware Superior Court Civil Rule ("Rule") 59(e)[1] and the City of Dover and Ms. Cheryl Bundek's ("Defendants") response in opposition. The Plaintiffs' request for reargument is based on the Court's order of December 17, 2018, denying their application for the appointment of counsel.

2. After considering the Plaintiffs' motion and status as *pro se* litigants, and the Defendants' response in opposition, the Court finds the motion for reargument untimely and not in accordance with Rule 78. Therefore, the motion is **DENIED**.

3. The Court will not restate all facts and procedural history presented in its previous order,[2] but the Plaintiffs filed their latest motion on December 27, 2018.[3]

4. A motion for reargument pursuant to Rule 59(e) will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the

---

[1] The Plaintiff's motion on its face appears to be a motion to alter or amend a judgment pursuant to Superior Court Civil Rule 59(d). However, the Court, in its previous order, denied an application for appointment of counsel. This is not a judgment and as such, Rule 59(d) does not appear applicable. In the alternative, the Court has converted the Plaintiffs' motion to a motion for reargument pursuant to Rule 59(e).

[2] In the Court's previous decision, the Court mistakenly referred to one of the Plaintiffs as "Mr. Shahin." This was clearly an oversight. The Court acknowledges its error and apologizes to Dr. Shahin for the mistake.

[3] *See* n. 1 Supra.

underlying decision."[4] It is not an opportunity to rehash arguments already decided by the Court or to present new arguments not previously raised.[5]

5. Here, the Plaintiffs' motion for reargument is time barred pursuant to Rule 59(e) and the rule is "crystal clear."[6] It states that a "motion for reargument shall be served and filed within five days after the filing of the Court's opinion or decision."[7]

6. Under Rule 6(b), the Superior Court "has divested itself of the power to enlarge the time for a motion for reargument."[8] The computation of the five day time limit for filing a motion for reargument under Rule 59(e) excludes computation of Saturdays, Sundays, and Court holidays.[9]

7. In this case, the Court order that is subject to the Plaintiffs' instant motion for reargument was issued on Monday, December 17, 2018. Thus, the five day window during which either party could file a motion for reargument began to run on Tuesday, December 18, 2018. The Plaintiffs' motion for reargument was not filed

---

[4] *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Jan. 3, 2013) citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citation omitted).

[5] *Id. See also Hennegan v. Cardiology Consultants, P.A.*, 2008 WL 4152678, at *1 (Del. Super. Sept. 9, 2009) citing *Denison v. Redefer*, 2006 WL 1679580, at *2 (Del. Super. Mar. 31, 2006)).

[6] *Id.* citing *White v. Riego*, 2005 WL 516850, at *1 (Del. Super. Mar. 3, 2005).

[7] Super. Ct. Civ. R. 59(e).

[8] *Id. at *1* citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 n. 1 (Del.1969).

[9] *Id.* citing *Farrell*, 260 A.2d at 702 citing Super. Ct. Civ. R. 6(a).

until December 27, 2018, six days after this Court's December 17 order.[10]

8. As a result, the Court lacks discretion, pursuant to Rule 6(b), to enlarge the time requirement for filing a motion for reargument. Therefore, Plaintiffs' untimely motion for reargument is time barred pursuant to Rule 59(e).

9. Assuming arguendo that the Plaintiffs' motion for reargument was filed timely, it would still exceed the six page limitation imposed by this Court pursuant to Rule 78[11] and, thus, be denied on that basis as well.

10. Finally, Plaintiffs' motion for reargument also fails substantively. The Plaintiffs have failed to establish that the Court "overlooked a precedent or legal principle that would have controlling effect, or that it has misapprehended the law or facts such as would effect the outcome of the decision."[12] A careful reading of the Plaintiffs' motion reveals essentially rehashed arguments already decided by this Court's December 17 order.[13] In other words, the Plaintiffs are not entitled to take another bite of the apple.[14]

---

[10] The time calculation excludes Saturday, December 22, Sunday, December 23, Monday, December 24 (additional State holiday) and Tuesday, December 25.

[11] Super. Ct. Civ. R. 78(b).

[12] *Strong*, 2013 WL 1228028, at *2 citing *Deputy v. Conlan*, 2012 WL 1646111, at *1 (Del. Super. Apr. 12, 2012).

[13] The motion also contains outrageous allegations that were not included in the initial application.

[14] *Strong*, 2013 WL 1228028, at *2.

11. Therefore, because the Plaintiffs have not stated an appropriate basis for reargument, the Plaintiffs' motion for reargument is hereby **DENIED**.[15]

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Mazen and Nina Shahin, *pro se*
       William W. Pepper, Sr., Esquire

---

[15] The Plaintiffs' motion for reargument also contains documents and matters that were deemed confidential. The Court reminds these pro se Plaintiffs that Rule 13(g) of the Delaware Lawyers' Rules of Disciplinary Procedure require plaintiffs to maintain confidentially when required to do so.